# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK ROBINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4250** |
| **N. BURL CAIN, WARDEN** | **SECTION "B"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

On July 16, 2002, petitioner, Derrick Robins, a prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, pled guilty in the Twenty-Fourth Judicial

District Court for the Parish of Jefferson to one count of aggravated burglary and one count of forcible rape, and was sentenced to twenty (20) years incarceration on each count, to be served concurrently. On that same date, petitioner pled guilty to four counts of obscenity and was sentenced to three (3) years incarceration on each count, to be served concurrently with each other and concurrently with the twenty (20) year sentences imposed in connection with petitioner's aggravated burglary and forcible rape convictions.[1] Thereafter, petitioner had five legal working days within which to file a motion for an appeal in connection with his convictions and sentences. *See* La. Code Crim. P. art. 914.[2] Petitioner, however, made no effort to seek a direct appeal. As such, petitioner's convictions and sentences were rendered final on July 23, 2002, after the five days available to lodge an appeal expired. *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985).[3]

In a letter to the state district court dated March 21, 2005, petitioner requested an extension of time to file an application for post-conviction relief.[4] The basis of petitioner's request for an extension of time was that he was extradited to the State of

---

[1] A copy of petitioner's guilty plea and sentencing transcript is contained in the State rec., vol. 6 of 9.

[2] Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with thirty days within which to timely appeal their conviction and/or sentence.

[3] July 20, 2002 and July 21, 2002, were Saturday and Sunday, respectively. Because they are legal holidays, they are not counted in computing the five day period. La.C.Cr.P. art. 13(3).

[4] A copy of petitioner's March 21, 2003 letter is attached to his federal habeas application as exhibit A.

Georgia in "May of 2003, ten months after [he] pled guilty" and he "had absolutely no access to Louisiana law while detained in Georgia's jail." (Rec. doc. 3, petitioner's supporting memorandum, p. 12). The state district court granted him an extension until May 24, 2005, but petitioner represents that he never received the court's order granting him this extension. Accordingly, petitioner, rather than filing his post-conviction application by May 24, 2005, filed a second motion for an extension of time. The state district court once again granted petitioner's motion, giving him until August 18, 2005, to seek post-conviction relief. In connection with this extension, petitioner submits evidence, in the form of an "Inmate's Request for Legal/Indigent Mail", reflecting that he provided an Application for Post-Conviction Relief to prison classification officer Peggy Leslie for mailing on August 18, 2005.[5] However, the state district court never received petitioner's post-conviction application. Accordingly, petitioner, pursuant to his transmittal letter dated November 19, 2006, once again submitted his post-conviction application to the state district court.[6]

On April 23, 2007, the state district court denied petitioner relief, finding that his post-conviction application was untimely pursuant to the provisions of La.C.Cr.P. art.

---

[5]A copy of petitioner's August 18, 2005 request for legal/indigent mail is attached to his federal habeas application as exhibit C.

[6]A copy of petitioner's November 19, 2006 transmittal letter, along with a copy of his state post-conviction application, is attached to his federal habeas application as exhibit D.

930.8(A).[7] On June 26, 2007, the Louisiana Fifth Circuit Court of Appeal determined that the district court's ruling that petitioner's "application for post-conviction relief is untimely is correct." The state appellate court specifically found that petitioner's March, 2005 letter and November, 2006 post-conviction application "are time-barred under La.C.Cr.P. art. 930.8A." *State v. Robins*, No. 2007-KH-402 (La. App. 5 Cir. June 26, 2007) (unpublished decision).[8] On May 30, 2008, the Louisiana Supreme Court denied petitioner's writ application, specifically citing, in support of its opinion, La.C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995). *State ex rel. Robins v. State*, 983 So.2d 891 (La. 2008).

On August 8, 2008, petitioner filed the instant application for federal habeas corpus relief. (Rec. doc. 3). In his application, petitioner raises the following claims: 1) The trial court erred in failing to advise him of his right against self-incrimination; 2) The State breached its plea agreement with petitioner; and, 3) The state courts erred in holding that his application for state post-conviction relief was untimely pursuant to La.C.Cr.P. art. 930.8. In its response (rec. doc. 9), the State does not contest the fact that petitioner has exhausted his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71

---

[7] A copy of the state district court's April 23, 2007 decision is attached to petitioner's federal habeas application as exhibit U.

[8] A copy of the state appellate court's June 26, 2007 unpublished decision is contained in the State rec., vol. 9 of 9.

4

L. Ed. 2d 379 (1982). The State, however, contends that the instant petition is untimely and that petitioner's claims are procedurally barred. (Rec. doc. 9). For the following reasons, the court agrees.

**ANALYSIS**

    **A. Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[9] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's time for seeking review expired on July 23, 2002. Accordingly, petitioner's one-year limitation period commenced running on July 24, 2002, giving him until July 24, 2003, to timely seek habeas corpus relief.

As noted above, petitioner filed the instant action over five years later, on August 8, 2008. Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[9] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The earliest petitioner submitted a filing regarding his desire to seek post-conviction relief was on or about March 21, 2005, when he submitted a letter to the state district court requesting an extension of time to seek post-conviction relief. By that point, however, petitioner's one-year prescriptive period under the AEDPA had long expired. Accordingly, the instant matter is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

As a basis for equitable tolling, petitioner points to the fact that following his conviction in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, he was extradited to the State of Georgia. Petitioner complains that he was impeded from seeking post-conviction relief in connection with his Louisiana conviction because "he had absolutely

no access to Louisiana law" during the twenty-one months he was detained in a Georgia jail. (Rec. doc. 3, petitioner's supporting memorandum, p. 12). However, petitioner admits that he was not extradited to Georgia immediately following his conviction in Louisiana. Petitioner informs that his extradition did not occur until "May of 2003, ten months after he pled guilty" on July 16, 2002, before Twenty-Fourth Judicial District Court Judge Ross LaDart. (Rec. doc. 3, petitioner's supporting memorandum, p. 12).

In *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), Scott argued that he was entitled to equitable tolling of the AEDPA's one-year statute of limitations because he was impeded from seeking post-conviction relief during an approximately six-month period when his legal materials had been confiscated and he had inadequate access to a legal library. The Fifth Circuit, however, noted Scott's admission that the impediments, the confiscation of his legal materials and the lack of adequate access to a legal library, were removed approximately six months prior to the expiration of his limitation period. Accordingly, the court concluded that Scott "[did] not establish that [he was] entitled to equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (explaining that for equitable tolling to apply, the petitioner must diligently pursue relief)." *Id*. (Footnote omitted). *See also Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2nd Cir. 2001) (declined to equitably toll one-year limitation period where petitioner was denied access to legal materials during the beginning of one-year statute of limitations but failed to diligently pursue his rights thereafter); *Adkins v. Warden*, 354 Fed. Appx. 564, 566 (2nd Cir. 2009) (even if we conclude

that lack of access to legal materials qualifies as the type of impediment warranting equitable tolling, petitioner is not entitled to such tolling because the impediment no longer existed for six and a half months prior to the expiration of his statute of limitations and, therefore, petitioner did not exercise the requisite due diligence that would entitle him to equitable relief).

Similarly, in the instant matter, petitioner had ten months, prior to his extradition to Georgia when his access to Louisiana law was not impeded, within which to timely file a state post-conviction application, thereby tolling his one-year statute of limitations under the AEDPA. Clearly, petitioner did not exercise the requisite due diligence that would entitle him to equitable tolling of prescription. As such, the court finds that the instant action is untimely.

### B. Procedural Default

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), citing *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338 (citations omitted). In order to fulfill the independence

requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338; *Harris*, 489 U.S. at 263, 109 S.Ct. at 1043.

In *State ex rel. Robins v. State*, 983 So.2d 891 (La. 2008), the Louisiana Supreme Court, in denying petitioner's application for post-conviction relief, clearly and expressly relied upon La.C.Cr.P. art. 930.8, which provides for the dismissal of an untimely post-conviction application. Accordingly, the Court finds that the "independence requirement" has been met.

The state procedural rule must also be "adequate". "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998), citing *Amos*, 61 F.3d at 339. A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id.*, citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996).

In the instant matter, there is no suggestion that Article 930.8 has been applied selectively or irregularly. Further, in cases where the pertinent state court dismissal was based upon Article 930.8, the Fifth Circuit has specifically upheld the dismissal of a habeas petition on grounds of procedural default. *See Glover*, 128 F.3d at 902. Accordingly, the

court finds that La.C.Cr.P. art. 930.8 constitutes an "independent" and "adequate" state law ground supporting the dismissal of petitioner's claims.

A federal habeas petitioner, however, may be excepted from the procedural default rule if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claims will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The mere fact that petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

Petitioner's alleged "cause" for his default is the fact that he was extradited to the State of Georgia in "May of 2003". However, as noted earlier, petitioner had ten months, from July, 2002, when he was convicted, to May, 2003, when he was extradited to Georgia, to timely file a post-conviction application. Accordingly, the court finds that petitioner has failed to show the requisite cause to excuse his violation of La.C.Cr.P. art. 930.8.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue*, 131 F.3d 466,

497 (5th Cir.1997) (citing *Engle*, 456 U.S. at 134 n. 43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir.1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir.1977)).

Petitioner's claims are therefore procedurally barred from review by this federal habeas corpus court absent a showing that a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to his guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tx.1997) (footnote omitted); *Nobles v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence,

his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F .3d at 903.

Petitioner does not present and the record does not contain evidence that suggests his actual innocence. Accordingly, petitioner has failed to overcome the procedural bar to his claims. Accordingly, said claims are procedurally barred and must be dismissed with prejudice for that reason.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Derrick Robins, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[10]

    New Orleans, Louisiana, this __29th__ day of _____April_____, 2010.

                                                _____
                                                LOUIS MOORE, JR.
                                                United States Magistrate Judge

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.